IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MATTHEW ANDREW GARCES, | § | |
| *Plaintiff,* | § § § | SA-25-CV-00127-FB |
| vs. | § § | |
| CITY OF SAN ANTONIO, ATTORNEY DEBORAH KLEIN, SAN ANTONIO POLICE DEPARTMENT, PUBLIC SAFETY HEADQUARTERS, SAPD OFFICER D. FOSTER, SAPD OFFICER F. RUIZ, BADGE #1028, SAPD OFFICER ARIZOLA, BADGE #1818, SAPD OFFICER L. LEVI, SAPD SGT. OLIVA, BADGE #3233, SAPD OFFICER G. COLEMAN, BADGE #378, SAPD HOMCIDE UNIT, DETECTIVE DELEON, BEXAR COUNTY DISTRICT ATTORNEY, JOE GONZALES, | § § § § § § § § § § § § § § | |
| *Defendants.* | § | |

## REPORT AND RECOMMENDATION AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Fred Biery:**

Before the Court in the above-styled cause of action is Plaintiff's Motion to Proceed *In Forma Pauperis* [#1] and proposed Civil Complaint [#1-1]. This case was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this order and report and recommendation pursuant to 28 U.S.C. § 636(b)(1). By his motion, Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") based on his inability to afford court fees and costs. Having considered the motion and documentation provided by Plaintiff, the undersigned will grant the motion but recommend the District Court dismiss this case under 28 U.S.C. § 1915.

1

**I.  Motion to Proceed IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  Plaintiff's motion to proceed IFP includes his income and asset information, which indicates that Plaintiff is unemployed and does not have sufficient monthly resources available to pay the filing fee.  The Court will therefore grant his motion to proceed IFP.

**II.  Review Under Section 1915(e)**

Pursuant to the Court's October 8, 2019 Standing Order, the undersigned has also reviewed Plaintiff's proposed Complaint under the standards set forth in Section 1915(e).  For the reasons that follow, the undersigned recommends this case be dismissed for failure to state a claim.

Pursuant to 28 U.S.C. § 1915(e), this Court may screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  This Court also has an ongoing obligation to evaluate its subject matter jurisdiction.  *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

Plaintiff names ten Defendants in this case, all of which are employees of the City of San Antonio, the San Antonio Police Department ("SAPD"), or Bexar County.  Plaintiff's proposed Complaint contains factual allegations concerning numerous separate (and mostly unrelated)

---

[1] The administrative fee, which is currently $55, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

instances of alleged misconduct by City and County employees and officials from 1999 to the present.  First, Plaintiff alleges that SAPD failed to properly investigate his mother's death (which occurred in 1999), incorrectly determined the death was a suicide, and failed to consider the possibility that Plaintiff's stepfather had murdered Plaintiff's mother.  Plaintiff claims that he contacted SAPD in 2017 and again in 2020 regarding his concerns about the crime not being properly investigated.

Second, Plaintiff complains that in June 2024, SAPD "failed to properly identify that Plaintiff was the victim of a near physical assault by a Chick-fil-a customer" and instead was investigating him as a suspect.  Third, Plaintiff complains that in July 2024, SAPD improperly evicted him from his apartment without proper notice or due process of law and in violation of the Americans with Disabilities Act ("ADA"), as Plaintiff was given only 1.5 hours to remove his belongings from his apartment while suffering from a back injury (with surgery scheduled the following week).  Finally, Plaintiff claims that in October 2024, SAPD improperly reported Plaintiff as causing a car accident when he was in fact the victim of a hit and run.  Plaintiff's proposed Complaint references 42 U.S.C. § 1983, the ADA, and negligence under Texas law.

**A.   Any claim regarding the police investigation into his mother's death is time-barred.**

There are several legal impediments to Plaintiff's claims.  Plaintiff's allegations related to events occurring from 1999 to 2020 surrounding the investigation of his mother's death are time-barred.  Plaintiff alleges that SAPD was negligent in investigating his mother's death.  The statute of limitations for a negligence claim in Texas is two years.  *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 885 (Tex. 1998); Tex. Civ. Prac. & Rem. Code § 16.003(a).  Because more than two years have elapsed since any of Plaintiff's allegations regarding his mother's death and his contact with SAPD regarding her death, any claim of negligence he is attempting

to bring against SAPD for negligently investigating this crime is time-barred. Insofar as Plaintiff is attempting to bring a claim under Section 1983 related to these allegations, such claim is also time-barred. The statute of limitations for a Section 1983 cause of action is also two years. *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 760–61 (5th Cir. 2015).

**B.    Plaintiff's claims regarding his eviction in July 2024 are duplicative of a suit already pending before this Court.**

Plaintiff is attempting to bring a cause of action under the ADA and Due Process Clause based on an eviction in July 2024. Plaintiff already has a lawsuit pending regarding this eviction, which asserts these claims. *See* 5:25-CV-00081-JKP-HJB. In that case, Judge Bemporad granted Plaintiff's motion to proceed *in forma pauperis* on January 29, 2025, and ordered Plaintiff's Complaint to be served on Defendants Wood Spring Suites, Choice Hotels International, Inc., and Cindy Hernandez (Manager of Wood Spring Suites). Rather than allow this separate lawsuit to proceed regarding the eviction, Plaintiff should seek leave to amend his Complaint in his existing lawsuit to add any additional Defendants, such as the SAPD officers involved in the eviction.

**C.    Plaintiff's other claims are not actionable.**

This leaves Plaintiff's claims arising out of the alleged failure of SAPD to investigate Plaintiff as the victim of a crime rather than as a suspect in June and October 2024. Federal courts are courts of limited jurisdiction. This Court only has jurisdiction and authority to entertain cases that either (a) raise a federal question (involve claims arising under the United States Constitution or a federal law) or (b) raise state-law claims falling under the Court's diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. Plaintiff, as the person bringing this case in federal court, bears the burden of establishing this Court's subject matter jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Insofar as Plaintiff is attempting to allege a violation of his right to due process under Section 1983, this claim fails as a matter of law.  A claim under this statute requires, as a threshold matter, that the plaintiff establish a deprivation of a right, privilege, or guarantee secured by the Constitution and laws of the United States.  *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149 (1978).  Plaintiff has not alleged that he has been arrested for a crime and does not describe any facts that could give rise to a Fourth Amendment violation based on a seizure.  Plaintiff merely contends that SAPD was negligent in investigating possible crimes.  The Constitution does not require police officers to conduct an error-free investigation of a crime.  *Baker v. McCollan*, 443 U.S. 137, 145–46 (1979).  Mere negligent police work does not rise to the level of a constitutional violation.  *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995)

Becuase Plaintiff's proposed Complaint does not assert any viable federal cause of action, this Court only has subject matter jurisdiction if there is complete diversity of citizenship between the parties and the dispute at issue exceeds $75,000.  As to the citizenship requirement, Plaintiff bears the burden to "distinctly and affirmatively" allege the citizenship of the parties.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (internal quotation and citation omitted).  Plaintiff's proposed Complaint only names Texas governmental employees as Defendants, and it appears that Plaintiff is also a citizen of Texas.  Accordingly, Plaintiff has not established that there is complete diversity of citizenship among the parties for purposes of diversity jurisdiction over any negligence claim that might survive dismissal.

In summary, the undersigned has reviewed Plaintiff's proposed Complaint and finds that he fails to plead any plausible claim or any claim over which this Court has subject matter jurisdiction.

### III.  Order and Recommendation

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis* [#1] is **GRANTED**.

Additionally, having considered Plaintiff's proposed Complaint under the standards set forth in 28 U.S.C. §1915(e), the undersigned recommends that this case be **DISMISSED** for failure to state a claim and/or lack of subject matter jurisdiction.

### IV.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

    SIGNED this 6th day of March, 2025.

                                        ELIZABETH S. ("BETSY") CHESTNEY
                                        UNITED STATES MAGISTRATE JUDGE